IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RAMON MARTINEZ AND<br>GRACIELA MARTINEZ<br><br>    Plaintiffs<br><br>VS.<br><br>QBE SPECIALTY INSURANCE COMPANY<br>AND QBE AMERICAS, INC.<br><br>    Defendants | § § § § § § § § § § § § § | CIVIL ACTION NO. 7:16-cv-159 |

**NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. § 1441 (DIVERSITY)**

Pursuant to 28 U.S.C. §1441, Defendant QBE Specialty Insurance Company ("QBE") removes this action to the United States District Court for the Southern District of Texas, McAllen Division. The basis for removal is that diversity jurisdiction exists.

### I. BACKGROUND

1. On August 13, 2015, Plaintiffs filed their original petition in a lawsuit styled *Ramon Martinez and Graciela Martinez vs. QBE Specialty Insurance Company,* Cause No. C-4217-15-E. The case was assigned to the 275th Judicial District Court in Hidalgo County, Texas, and is hereafter referred to as "the state court action." On December 3, 2015, Plaintiffs filed a first amended petition. True and correct copies of all of the state court process, pleadings, and orders within the scope of Local Rule LR 81 are attached to this notice.

2. Plaintiffs' most recent petition alleges that QBE committed various wrongful acts during the investigation, processing and payment of an insurance claim made by Plaintiffs. QBE denies Plaintiffs' claims. Additionally, QBE denies that Plaintiffs have capacity and/or standing

to bring a lawsuit against QBE because Plaintiffs are not named insureds, additional insureds, or third party beneficiaries of the applicable insurance policy.

3. Federal jurisdiction is based upon complete diversity of citizenship in accordance with 28 U.S.C. §1332.  There is complete diversity among the parties properly joined in this action both at the time that Plaintiffs filed the state court action, and at the time of removal.

4. QBE did not receive a copy of Plaintiffs' original petition.  QBE received a copy of Plaintiffs' first amended petition on March 18, 2016.

## II.  GROUNDS FOR DIVERSITY JURISDICTION

5. Removal is authorized because the state court action is a civil action in which this Court has original jurisdiction under 28 U.S.C. §1332.  In addition, QBE can remove the state court action to this Court pursuant to 28 U.S.C. §1441(b).  The state court action is a civil action between citizens of different states and/or countries and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**A.   CITIZENSHIP OF THE PARTIES**

6. On information and belief, based on the allegations in Plaintiffs' petitions in the state court action, Plaintiffs are now, and were at the time the state court action was commenced, citizens and residents of Texas.

7. Defendant QBE Specialty Insurance Company is now, and was at the time the state court action was commenced, a citizen of North Dakota and New York.  QBE was and is incorporated in North Dakota and its principal place of business was and is in New York.

8. On information and belief, Defendant QBE Americas, Inc. has not yet been served with valid process.  Also on information and belief, Defendant QBE Americas, Inc. is now, and was at the time the state court action was commenced, a citizen of Delaware because

this entity was and is incorporated in Delaware and its principal place of business was and is in Delaware.

**B.   AMOUNT IN CONTROVERSY**

9.   Plaintiffs' claims against QBE exceed the sum of $75,000.00, exclusive of interest and costs.  Plaintiffs' first amended petition states, at paragraph 11, that "The actual damages incurred by Plaintiffs … is $164,607.40.  Plus, three times the actual damage amount in punitive and exemplary damages acquired is $493,822.20, plus attorney's fees."  In the prayer of their first amended petition, Plaintiffs specifically request an award of these actual damages, punitive/exemplary damages and attorneys' fees (in addition to other monetary relief).  Further, Plaintiffs' first amended petition states, at paragraph 34, that Plaintiffs seek monetary damages "over $200,000 but not more than $1,000,000."  Finally, Plaintiffs' pre-lawsuit demand letter (which did not comply with the timing and other requirements of the Texas Insurance Code or the Texas Deceptive Trade Practices Act) demanded payment of $164,607.40 within thirty days in order to avoid litigation.

10.   Therefore, it is facially apparent from Plaintiffs' most recent state court petition that the amount in controversy exceeds the $75,000.00 jurisdictional threshold.  In addition, and/or in the alternative, Plaintiffs' pre-lawsuit demand letter establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

**C.   VENUE**

11.   The state court action may be removed to the District Court for the Southern District of Texas, McAllen Division, because this is the United States District Court for the district and division within which the state court action was pending.  28 U.S.C. §1446(a).

**D.     TIMELY REMOVAL**

12.    This notice of removal is timely because it is being filed within thirty days of the date that QBE received a copy of Plaintiffs' state court petition.  28 U.S.C. §1446(b).

**E.     NOTICE OF FILING**

13.    Counsel for QBE will serve a copy of this notice of removal on counsel for Plaintiffs, and will file a copy with the clerk of the 275th Judicial District Court of Hidalgo County, Texas, where the state court action was pending, in accordance with the provisions of 28 U.S.C. §1446(d).

**F.     CONSENT TO REMOVAL**

14.    All properly joined defendants that have been served as of the date of this filing consent to and join in this removal.

**G.     COMPLIANCE WITH LOCAL RULES**

15.    Pursuant to Local Rule LR 81, all executed process in the case (although it relates to defective and invalid service) is attached as Exhibit A; all pleadings asserting causes of action and all answers to these pleadings are attached as Exhibit B; all orders signed by the state judge are attached as Exhibit C (although there are none); the state court docket sheet is attached as Exhibit D; an index of matters being filed is attached as Exhibit E; and a list of all counsel of record, including addresses, telephone numbers and parties represented is attached as Exhibit F.

### III.  CONCLUSION

16.    QBE removes this action from the 275th Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division; requests that this Court assume full jurisdiction of this cause as if it had originally been

filed here; and also requests that further proceedings in the state court action be stayed.  QBE also respectfully requests any other relief to which it may be entitled.

                Respectfully submitted,

                THE LITTLE LAW FIRM, P.C.

                /s/ Joseph R. Little
                Joseph R. Little
                State Bar No. 00784483
                Southern District of Texas Bar No. 15972
                440 Louisiana Street, Suite 900
                Houston, Texas 77002
                (713) 222-1368 - Telephone
                (281) 200-0115 - Facsimile

                Attorney in Charge for Defendant QBE Specialty Insurance Company

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on the 6th day of April, 2016.

                /s/ Joseph R. Little
                Joseph R. Little